FILED
BILLINGS DIV.

2007 OCT 23  PM 12 57

PATRICK E. DUFFY, CLERK
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **FRANK JESUS RODRIGUEZ,** ) | Cause No. CR-97-124-BLG-JDS |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **JACK D. SHANSTROM,** ) | |
| ) | |
| Respondents. ) | |

Presently before the Court is the Petitioner's Petition for Writ of Habeas Corpus. From a reading his brief and claims, this Court construes the Petitioner's Petition as one made pursuant to 28 U.S.C. § 2255. Generally, a § 2255 establishes a stringent set of procedures that a prisoner must follow if he wishes to file a "second or successive" motion to vacate, set aside, or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 127 S.Ct. 793, 796 (2007). A disposition on the merits of a previous § 2255 motion renders a subsequent application "second or successive." Gretzler v. Stewart, 146 F.3d 675, 675-76 (9th Cir.1998).

This Court sentenced Defendant to a term of 240 months imprisonment in June of 1999.

1

Petitioner's sentence was affirmed by the Ninth Circuit Court of Appeals on March 18, 2002. On March 6, 2003, Petitioner filed a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255. On March 24, 2003, this Court issued an Order denying Petitioner'§ 2255 Petition. This Court denied Petitioner's § 2255 Writ on March 24, 2003. Therefore, defendant's present motion is a "second or successive" application for relief.

Before filing a second or successive motion under § 2255 , a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). As such, § 2255 imposes a jurisdictional limitation on a district court's ability to consider any second or § 2255 motion absent proper certification from the court of appeals. United States v. Key, 205 F.3d 773, 774-75 (5th Cir.2000). In other words, a district court must dismiss a second or successive § 2255 motion for lack of jurisdiction unless the defendant obtains certification from the appropriate court of appeals. Burton, 127 S.Ct. at 799; Nunez v. United States, 96 F .3d 990, 992 (7th Cir.1996).

Here, the record reflects that Petitioner neither sought, nor received authorization from the Ninth Circuit Court of Appeals before filing his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Furthermore, defendant provides no grounds for this court to conclude that the Ninth Circuit Court of Appeals would certify his second petition. In other words, defendant fails to identify any newly discovered evidence, or a new, previously unavailable rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Therefore, this court has no authority to consider defendant's present § 2255 motion, and it must be dismissed.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of

Habeas Corpus (*Doc. #628*) is DENIED.

The Clerk of Court shall forthwith notify the parties of the making of this order and shall serve a copy of this order by mail on defendant at the address shown on his pleading.

DATED this 22nd day of October, 2007.

_____
JACK D. SHANSTROM
SENIOR U.S. DISTRICT JUDGE